UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ADRIAN RODRIGUEZ, #294546,

        Petitioner,

v.                                                            Case No. 20-12582

CATHERINE BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY**

**I.   INTRODUCTION**

Michigan prisoner Adrian Rodriguez ("Petitioner"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, two counts of felonious assault, Mich. Comp. Laws § 750.82, carrying a weapon with unlawful intent, Mich. Comp. Laws § 750.226, carrying a concealed weapon, Mich. Comp. Laws §750.227, resisting arrest, Mich. Comp. Laws § 750.81d(1), and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced to four to ten years imprisonment, two concurrent terms of one to four years imprisonment, a concurrent term of one to five years imprisonment, a concurrent term of one to two years imprisonment, and a consecutive term of two years imprisonment on those convictions in 2016. In his pleadings, Plaintiff raises claims concerning the conduct of the prosecutor, the effectiveness of trial and appellate counsel, and the impartiality of the trial court. (ECF

No. 1.)

This matter is before the court on Respondent's motion to dismiss the habeas petition as untimely under the one-year statute of limitations applicable to federal habeas actions. (ECF No. 5.) Petitioner has not filed a reply. Having reviewed the matter, the court concludes that the habeas petition is untimely and must be dismissed. The court also concludes that a certificate of appealability must be denied.

## II.   FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from a confrontation at a bar in Detroit, Michigan, followed by a car chase, a non-fatal shooting, and resistance to Dearborn police officers in 2016. The Michigan Court of Appeals described the facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> On April 10, 2016, at approximately 1:00 a.m., Chris McTaggart and John Deeg drove to Cardoni's Bar in Detroit. While they sat at the bar, defendant [Rodriquez] approached McTaggart and tapped him on the arm several times. McTaggart testified that he knew defendant as "Nino," and had known him for about eight months. When McTaggart failed to respond to him, defendant punched McTaggart in the face. McTaggart reciprocated, causing defendant to fall down. A short scuffle took place, defendant and McTaggart were separated, and defendant was removed from the bar. McTaggart and Deeg were permitted to remain.
>
> McTaggart and Deeg later left the bar in McTaggart's silver Ford Explorer. As they headed down Whitlock Street, they noticed a dark SUV speeding up behind them. The SUV passed the Explorer on the driver's side, cut it off, and stopped so as to block the Explorer from moving forward. McTaggart testified that defendant got out of the passenger side of the SUV with a handgun in his left hand, began walking toward the Explorer, swung the gun back and forth, and ultimately pointed the gun at the vehicle. McTaggart quickly put the Explorer in reverse and was able to escape down a side street. But McTaggart and Deeg soon saw the SUV approaching them from behind at a high rate of speed. Deeg called 911

2

for assistance, as McTaggart headed for the Dearborn Police Station. The SUV continued chasing the Explorer for several miles until McTaggart slowed down to enter a turnaround, at which point the SUV overtook them. When the SUV pulled up next to the passenger's side of the Explorer, Deeg saw the passenger in the SUV "lean[ ] across the driver's seat" and fire two shots toward the passenger window of the Explorer. One of the bullets hit Deeg in the head. The chase ended when McTaggart headed toward Oakwood Hospital, and the SUV sped off. Deeg was treated for the gunshot wound as well as wounds from broken glass, both of which caused him serious injuries and left him hospitalized for several days. While neither McTaggart nor Deeg actually saw who pulled the trigger, they testified at trial that the SUV that defendant had exited while carrying a gun on Whitlock Street was the same vehicle that shortly thereafter pulled up next to them and from which the gunshots were fired.

Dearborn Police Officer Steven Vert observed a black Yukon SUV in the area in which McTaggart and Deeg had been chased. The Yukon ran a red light and did not immediately stop when Officer Vert activated his vehicle's overhead lights. The Yukon eventually stopped and parked in the driveway of a house located at 6464 Woodmont. Defendant was in the driver's seat of the vehicle. His son, Adrian Rodriguez, Jr., exited from the passenger side of the vehicle and ran into the house. Defendant initially complied with Officer Vert's commands to turn off the vehicle's engine, show his hands, exit the vehicle, walk backward toward the officer, and get on his knees. But as police backup arrived, defendant tried to run into the house and then resisted as officers attempted to place handcuffs on him.

McTaggart and Deeg testified at trial. Surveillance video from Cardoni's Bar confirmed the altercation between McTaggart and defendant. Officer Vert also testified at trial. Video taken by the police confirmed the chase and subsequent arrest of defendant and his son. A portion of Deeg's 911 call was played at trial, confirming that McTaggart and Deeg had reported being involved in a high-speed chase. No firearms were recovered from the Yukon, or from defendant or his son.

At the close of the testimony, defendant moved for a directed verdict, arguing that no reasonable juror could find him guilty of the crimes charged. The trial court denied defendant's motion. The jury convicted (and partially acquitted) defendant….

*People v. Rodriguez*, No. 336701, 2018 WL 2990781, *1-2 (Mich. Ct. App. June 14, 2018) (unpublished).

3

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence and the validity of his sentence. The court denied relief on those claims and affirmed his convictions and sentences. *Id.* at *2-6. Petitioner did not file an application for leave to appeal with the Michigan Supreme Court or a petition for a writ of certiorari with the United States Supreme Court.

On January 14, 2019, Petitioner filed a motion for relief from judgment with the state trial court challenging his sentence. On March 11, 2019, the trial court denied the motion finding that it would not impose a materially different sentence, and that the sentence was within the guidelines and reasonable. (ECF No. 6-2.) Petitioner did not appeal that decision.

On May 3, 2019, Petitioner filed a second motion for relief from judgment with the state trial court raising issues concerning the conduct of the prosecutor and his due process rights. On January 9, 2020, the trial court denied the motion pursuant to Michigan Court Rule 6.502(G) finding that it was not based upon a retroactive change in the law or newly-discovered evidence and there was no significant possibility of innocence. The court also denied the motion pursuant to Michigan Court Rule 6.508(D)(3) finding that Petitioner failed to establish cause and prejudice for failing to raise the claims in his first motion for relief from judgment. Lastly, the court denied the motion pursuant to Michigan Court Rule 6.508(D) for lack of merit in the grounds presented. (ECF No. 6-14.) Petitioner did not appeal that decision.

Petitioner filed his federal habeas petition on September 11, 2020. Respondent

4

filed the instant motion to dismiss on April 12, 2021. Petitioner has not filed a reply.

### III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. To be sure, "district courts are permitted . . . to consider sua sponte, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Court of Appeals affirmed his convictions and sentences on June 14, 2018. He then had fifty-six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. His convictions thus became final on or about August 9, 2018 when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1] Accordingly, Petitioner was required to file his federal habeas petition by August 9, 2019, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his initial motion for relief from judgment on January 14, 2019. At

---

[1] Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Petitioner, however, is not entitled to have the 90 days added to the limitations period because his failure to timely seek leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

that point, 157 days of the one-year period had expired. The one-year period remained tolled while the motion was pending in the state courts. The trial court denied the motion on March 11, 2019. Petitioner then had six months, until September 11, 2019, to file a delayed application for leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(A)(2) (formerly Mich. Ct. R. 7.205(G)(3)); Mich. Ct. R. 6.509(A). Petitioner did not do so, but he is nonetheless entitled to tolling for the time in which he could have filed such an appeal. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). The one-year period was thus tolled until September 11, 2019. It resumed running the next day and expired 208 days later – on or about April 6, 2020. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not file his federal habeas petition until September 11, 2020—well after the one-year limitations period had expired.

The court notes that Petitioner's second motion for relief from judgment did not further toll the one-year period. An application for state post-conviction relief must be "properly filed" in order to trigger the tolling provisions of 28 U.S.C. § 2244(d)(2). Under Michigan Court Rule 6.502(G), a criminal defendant in Michigan can typically only file one motion for relief from judgment concerning a conviction. The rule allows for the filing of a second or subsequent motion only based upon a retroactive change in the law that occurred after the first motion was filed or a claim of new evidence that was not discovered before the first motion, or upon a significant possibility of innocence. Mich. Ct. R. 6.502(G).

7

In this case, the trial court denied Petitioner's second motion for relief from judgment based upon his failure to satisfy the exceptions under Michigan Court Rule 6.508(G), as well as his failure to establish entitlement to relief under Michigan Court Rule 6.508(D). Because Petitioner's second motion for relief from judgment was denied by the trial court as successive, it was not properly filed and did not toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and ruling that a Michigan prisoner's second motion for relief from judgment which was denied pursuant to Michigan Court Rule 6.502(G) was not "properly filed" and did not toll the one-year limitations period, and affirming dismissal of habeas petition).

Petitioner does not assert that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-enacted, retroactively applicable law. To the extent that Petitioner may assert that his claims are based upon newly-discovered facts (e.g. the prosecution's theory at the co-defendant's preliminary examination that the co-defendant was the shooter), he makes no such showing. With regard to newly-discovered evidence under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The period begins when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Brooks*, 307 F. Supp. 2d

8

at 905-06. Moreover, the start of the limitations period "does not await the collection of evidence which supports the facts." *Id*. at 906. A habeas petitioner bears the burden of showing that he exercised due diligence in discovering the factual predicate for his claims. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). In this case, Petitioner knew or could have known of the facts underlying his habeas claims at the time of trial and/or direct appeal in the state courts. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Petitioner makes no such showing. He neither alleges nor establishes that an extraordinary circumstance prevented him from timely filing his habeas petition, and he fails to show that he acted with sufficient diligence so as to warrant equitable tolling of the one-year period.

9

Moreover, the fact that Petitioner is untrained in the law, is or was proceeding without a lawyer or other assistance for a period of time, and/or may have been unaware of the statute of limitations or mistaken about its application does not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not

10

presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). Moreover, any self-serving, conclusory assertion of innocence is insufficient to show actual innocence. A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is untimely and must be dismissed.

11

## IV. CONCLUSION

Based on the foregoing discussion, the court concludes that Petitioner did not file his habeas petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d), that he is not entitled to statutory or equitable tolling, and that the statute of limitations precludes review of his claims.

Before Petitioner may appeal this ruling, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may only issue if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Jurists of reason would not find the court's procedural ruling debatable. Accordingly,

IT IS ORDERED that Respondent's Motion to "Dismiss with Prejudice Rodriquez's Petition for Writ of Habeas Corpus" (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that the Petitioner is DENIED a certificate of appealability.

        s/Robert H. Cleland      
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 9, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2021, by electronic and/or ordinary mail.

        s/Lisa Wagner      
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Staff Attorney\20-12582.RODRIGUEZ.MotiontoDissmissHabes.CB.AAB.docx